835 F.2d 879
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tellious PENDELTON, Plaintiff-Appellant,
v.
Otis R. BOWEN, M.D., Secretary of Health and Human Services,
Defendant- Appellee.
 No. 87-1015.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1987.
 
 Before RALPH B. GUY, DAVID A. NELSON, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Tellious Pendelton, appeals from the denial of his claim for Social Security disability benefits. Pendelton initiated his claim for benefits on September 28, 1983. He alleged that he was unable to work because of arthritis of the spine and both knees, and because of bursitis of the left arm. His claim was denied initially and on reconsideration. On October 9, 1984, following a hearing, an Administrative Law Judge (ALJ) found that the plaintiff was not disabled. This determination became the final decision of the Secretary when the Appeals Council approved it on February 5, 1985. Pendelton then sought review pursuant to section 205(g) of the Social Security Act, 42 U.S.C. Sec. 405(g), in the district court for the Western District of Michigan.
 
 
 2
 The ALJ determined that although the claimant had severe impairments, he was not precluded from performing his past relevant work as a machinist and could perform a full range of medium work. In reaching this determination, the ALJ rejected plaintiff's claim of disabling pain.
 
 
 3
 In the district court, Judge Gibson, after a review of the record, rejected the ALJ's finding that plaintiff could still perform his past relevant work. The decision of the Secretary to deny benefits was upheld nonetheless, as the district judge concluded that there was substantial evidence to support the conclusion that plaintiff could still perform the full range of medium work.
 
 
 4
 Upon our review of the record we agree with Judge Gibson's conclusion and affirm on the basis of the district court opinion. We write briefly additionally only to clarify certain points argued on appeal.
 
 I.
 
 5
 On the issue of disabling pain, plaintiff argues on appeal that "even pain unaccompanied by any objectively observable symptoms which is nevertheless real to the sufferer ... will support a claim for disability benefits." Ber v. Celebrezze, 332 F.2d 293, 299 (2nd Cir.1964) (citations omitted). This is no longer the law since the passage of the Social Security Disability Reform Act of 1984, Pub.L. 98-460, enacted October 9, 1984. Under the Reform Act, pain of disabling severity must be the product of a medically established condition which has itself been established by objective medical findings. 42 U.S.C. Sec. 423(d)(5).
 
 
 6
 Plaintiff also argues that the ALJ did not delineate his reason for not crediting fully plaintiff's complaints of disabling pain. Although it is true that the ALJ did not discuss the credibility issue in detail, the record is replete with instances of inconsistencies in plaintiff's account of his limitations and his personal history. For example, he claimed during the August, 1984, administrative hearing that he had been suffering severe burning pain for a couple of years, but the record shows that he did not express his complaints until Dr. Eck's consultative examination in February, 1984. When examined by Dr. Ehlert in April, 1982, Pendelton said only that he had pain for two or three hours in the morning, after which he would feel okay unless he sat for too long. The plaintiff also told Dr. Ehlert that he could bend "pretty good." The plaintiff complained to the ALJ that his right knee would buckle, but Dr. Hamafi found no instability in the knee, and Dr. Eck, to whom the plaintiff complained about this problem, examined the knees and found that the medical and collateral ligaments appeared intact.
 
 
 7
 Further, plaintiff testified before the ALJ that he quit his foundry job due to personal reasons, but he had earlier told Dr. Pattullo that he quit when he was threatened with being fired due to his absenteeism. The plaintiff also indicated he had been physically unable to carry on part-time employment at Moran Manufacturing, but the record shows that he worked there until the plant closed. He claimed to have a difficult time getting himself breakfast in the morning, but he had told a claims representative just four months before giving this testimony that he was up and around between 7:00 and 8:00, and that he was able to feed, bathe, and dress himself. He would then care for his children, changing their diapers and preparing their bottles. In addition to these contradictions, the plaintiff's testimony before the ALJ appears to have downplayed his social activities. Mr. Pendelton was asked about his visits with friends or relatives, and he replied that his brother might pick him up once a week. The plaintiff had earlier told the claims representative that he would go to visit friends, and that he had friends that visited him.
 
 
 8
 The ALJ has an opportunity to observe the claimant and is in the best position to evaluate credibility. We find ample support in the record for the ALJ's rejection of plaintiff's claim of disabling pain.
 
 II.
 
 9
 Plaintiff also argues on appeal that no vocational expert testified and that the Secretary thus failed to meet his burden of establishing the existence of a substantial number of jobs in the national economy which plaintiff could perform. This argument is not well founded since the Secretary in an appropriate case may rely on the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 (1986), to meet this burden. Since the guideline factors coincided here with the relevant profile of the plaintiff, it was proper to apply the guidelines in reaching the decision as to disability.
 
 III.
 
 10
 Since the district judge reviewed the medical evidence in his opinion, we find it unnecessary to again recite the details of the medical findings. There is no doubt that one doctor opined that Pendelton was limited in employment "in a common male labor capacity" and another doctor agreed. However, as was pointed out below, this is imprecise language and, in context, appeared to relate to "heavy duty activity," not work of medium exertion. In addition, there is other substantial medical evidence in the record of an objective nature which supports the conclusion that plaintiff retained the residual functional capacity to do medium work.
 
 
 11
 AFFIRMED.